PROB 19
(Rev. 1/82)

06-506-M-01

# United States District Court

for

EASTERN DISTRICT OF VIRGINIA

**ORIGINAL**

NORFOLK DIVISION

563815

U.S.A. vs WILLIAM DELANO ELLIS, JR.   Docket No.   2:00m417

TO:[1] ANY UNITED STATES MARSHAL OR ANY OTHER AUTHORIZED OFFICER

| WARRANT FOR ARREST OF PROBATIONER |||||
|---|---|---|---|---|
| You are hereby commanded to arrest the within-named probationer and bring him or her, forthwith, before the United States District Court to answer charges that he or she violated the conditions of his or her probation imposed by the court. |||||
| NAME OF PROBATIONER<br>WILLIAM DELANO ELLIS, JR. | FILED<br>DEC 1 1 2006 || SEX<br>Male | RACE<br>Black | AGE<br>55 |
| ADDRESS (STREET, CITY, STATE)<br>Unknown | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT ||||
| PROBATION IMPOSED BY (NAME OF COURT)<br>Tommy E. Miller, US Magistrate Judge ||| DATE IMPOSED<br>1/22/01 ||
| TO BE BROUGHT BEFORE (NAME OF COURT, CITY, STATE)<br>US District Court, Norfolk Division |||||
| CLERK<br>Kay P. Mixon, Acting Clerk | (BY) DEPUTY CLERK<br>Susan H Carpenter ||| DATE<br>4/25/01 |

Bond recommendation: Detention should be considered.

| RETURN |||
|---|---|---|
| Warrant received and executed. | DATE RECEIVED<br>12-08-06 | DATE EXECUTED<br>12-11-06 |
| EXECUTING AGENCY (NAME AND ADDRESS)<br>US MARSHAL SERVICE<br>WASH, DC 20001 |||
| NAME<br>George Walsh | (BY)<br>Laurel Baldwin | DATE<br>12-11-06 |

[1] Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for_____ District of_____;" or "any United States Marshal;" or "any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

Prob 12
(Mod. for E.VA 2/00)

# UNITED STATES DISTRICT COURT
## for
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>William Delano Ellis, Jr.</u>     Docket No. <u>2:00M00417-001</u>

06-506-M-01

Petition on Supervised Release

APR 25 2001

 COMES NOW <u>Lynwood S. Remias</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>William Ellis</u>, who was placed on supervision by the Honorable <u>Tommy E. Miller</u> sitting in the Court at <u>Norfolk</u>, Virginia, on the <u>22nd</u> day of <u>January</u>, <u>2001</u>, who fixed the period of supervision at <u>FIVE (5) YEARS</u>, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2.

FILED
DEC 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Bond Recommendation: ~~$25,000 unsecured~~ Detention should be considered

DOB:                                    FBI NO.:
SSN:                                    REG. NO.:
SEX:    Male                            ADDRESS:    Unknown
RACE:   Black/Non-Hispanic              PHONE:      Unknown

ORDER OF COURT                                      Respectfully,

Considered and ordered this 23rd day
of April, 2001 and ordered
filed and made a part of the records          Lynwood S. Remias
in the above case.                             Senior U.S. Probation Officer

_____               Place Norfolk, Virginia
U.S. Magistrate Judge
                                               Date 4-23-01

TO CLERK'S OFFICE

OFFENSE:

Failure to Pay Past Due Child Support, in violation of 18 U.S.C. 228, a Class B Misdemeanor.

SENTENCE:

The defendant is hereby placed on probation for a term of five years. The defendant shall pay a special assessment of $10 and restitution of $10,998.

SPECIAL CONDITIONS:

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

4. The defendant shall participate in a mental health program as directed by the probation officer.

5. The defendant shall pay for the support of his children as directed by the probation officer, notwithstanding any amount ordered by any social service agency or court of competent jurisdiction.

6. As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

ADJUSTMENT TO SUPERVISION:

On January 22, 2001, in the Eastern District of Virginia, Norfolk Division, Ellis was sentenced to five years probation for Failure to Pay Past Due Child Support. The conditions of probation were reviewed with Ellis by the undersigned officer on this date. As Ellis resides in Forrestville, Maryland, he was given permission by the probation officer to return to the District of Maryland, Greenbelt Division. On February 28, 2001, Ellis reported to the U.S. Probation Office, Greenbelt Division, and the conditions

of supervision were reviewed. Ellis was notified that his financial obligation to the Court was delinquent and was instructed by the probation officer to make a payment in the amount of $187 by March 7, 2001. Since that time, Ellis' adjustment to supervision has been unsatisfactory. Ellis has failed to provide a valid address to the Probation Office, he has failed to notify the probation officer of a change in his employment, he submitted a urine specimen which tested positive for morphine, codeine, hydromorphine, and hydrocodeine, he has failed to participate in substance abuse treatment and mental health treatment, and he has failed to pay his financial obligations.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**SPECIAL CONDITION:**   A.   **FAILURE TO PAY SPECIAL ASSESSMENT AS DIRECTED BY THE COURT**

B.   **FAILURE TO PAY RESTITUTION AS DIRECTED BY THE COURT**

A. Ellis was directed by the Court to pay a $10 special assessment immediately. As of this date, Ellis has not paid the special assessment.

B. Ellis was ordered by the Court to pay the $10,998 restitution in monthly installments of $187 over a period of 59 months to commence 30 days after the date of judgment. As of this date, Ellis has not made any payments towards the restitution.

**SPECIAL CONDITION:**   A.   **FAILURE TO SATISFACTORILY PARTICIPATE IN SUBSTANCE ABUSE TREATMENT**

B.   **FAILURE TO SATISFACTORILY PARTICIPATE IN MENTAL HEALTH TREATMENT**

A. On March 7, 2001, Ellis was referred by the probation officer for substance abuse treatment. On March 28, 2001, the substance abuse treatment center contacted Ellis by mail instructing him to report on April 2, 2001, at 5:00 p.m. Ellis failed to keep this appointment.

B. On March 7, 2001, Ellis was referred by the probation officer for mental health treatment. On March 12, 2001, and March 22, 2001, letters were mailed to Ellis' last known address instructing him to contact the mental health treatment provider. However, both letters were returned to the Probation Office. On April 2, 2001, the mental health treatment provider notified the probation officer that Ellis had failed to contact them.

Petition on Supervised Release
Page 4
RE: ELLIS, William

| CONDITION 3: | A. | FAILURE TO ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER |
|---|---|---|
| | B. | FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER |

A. On March 7, 2001, during an office visit, Ellis informed the probation officer that he resided at
On March 26, 2001, the probation officer visited the above-indicated address and was notified by the current occupants that Ellis did not live at the residence.

B. On March 27, 2001, the probation officer telephoned Ellis' residence at which time the probation officer spoke with Ellis' girlfriend. She reported that Ellis was unavailable. The probation officer left verbal instructions with Ellis' girlfriend for Ellis to contact the probation officer to schedule an office visit. As of this date, Ellis has not responded.

**CONDITION 5:**          **FAILURE TO WORK REGULARLY**

During office visits on February 28, 2001, and March 7, 2001, Ellis reported that he was employed with Clinical Lab Staff, located at 51 Monroe Street, Suite PLW2, Rockville, Maryland 20850. On April 2, 2001, the probation officer contacted Clinical Lab Staff in order to verify Ellis' employment status. The probation officer was notified that Ellis was terminated from the company on March 2, 2001. As of this date, Ellis failed to notify the probation officer of his termination from Clinical Lab Staff.

**CONDITION 6:**          **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF CHANGE IN RESIDENCE**

On March 7, 2001, during an office visit, Ellis informed the probation officer that he resided at
20747. On March 26, 2001, the probation officer visited the above-indicated address. The occupants informed the probation officer that Ellis did not live at the residence and that he was unknown to them. As of this date, Ellis has not provided the probation officer with his correct address information.

**CONDITION 7:**          **USE OF CONTROLLED SUBSTANCES**

On March 7, 2001, Ellis submitted a urine sample at the Probation Office. The results of the urine sample returned on March 19, 2001, indicating that Ellis has tested positive for morphine, codeine, hydromorphine, and hydrocodone.

LSR/dw